UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV23-3-V
(5:96CR9-5-V)

| | |
|---|---|
| GEGORGE ACKLE HARRIS, III, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed February 21, 2003; the Government's Response to Petitioner's Motion and Motion for Summary Judgment, filed August 4, 2003 (Document No. 10), and Petitioner's Amended Motion to Vacate (Document No. 8) filed June 11, 2003. For the reasons stated herein, the Government's Motion for Summary Judgment will be granted, and the Petitioner's Motion to Vacate and Amended Motion to Vacate will be denied and dismissed.

## 1. FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 1996, George Ackle Harris ("Petitioner") was indicted, along with his five co-defendants, in the Western District of North Carolina. Count One of the sixteen (16) count Bill of Indictment alleged that Petitioner had been involved in a drug conspiracy since July 1995. Petitioner was also charged in several other counts, each of which alleged possession with intent to distribute quantities of cocaine on specific dates.

On August 21, 1996, Petitioner appeared before the Honorable Carl Horn, III, United States Magistrate Judge, and entered a plea of guilty to Count One pursuant to a written Plea Agreement. In the Plea Agreement, Petitioner stipulated to a foreseeable quantity of cocaine base in excess of 1.5 kilograms, and waived his right to contest his conviction or sentence on direct appeal or collaterally except for claims of ineffective assistance of counsel or prosecutorial misconduct. Petitioner was represented by Ms. Nora Sneberger.

On or about June 2, 1997, Ms. Sneberger withdrew from the case. Mr. Mark Killian was appointed to represent Mr. Harris. On June 23, 1997, Petitioner appeared before this Court for sentencing. Petitioner was sentenced under 4B1.1 of the United States Sentencing Guidelines as a career offender to a term of 292 months imprisonment and five years supervised release.

On June 3, 1998, Petitioner filed his first § 2255 motion, in which he alleged various instances of ineffective assistance of counsel. By way of supplemental brief, filed on March 1, 2001, he added an additional claim that his sentence exceeded the maximum term of imprisonment allowed under the statute. This Court rejected all but one of these claims, finding that the only conduct that rose to the level of ineffective assistance of counsel was the failure to comply with the defendant's instruction to appeal the judgment. Defendant then filed an appeal to the Fourth Circuit Court of Appeal. In his appeal, he contended that his 292 month sentence was imposed in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) since no quantity was set forth in the Indictment he should have been sentenced to the guideline range which was applicable to involvement with only a trace amount of crack cocaine. He also claimed that his sentence was unconstitutionally disproportionate since it was so much greater than the sentence which is applicable to involvement with only a trace amount of crack cocaine. However, by an unpublished decision, the Fourth Circuit rejected defendant's claims

and affirmed his 292 month term of imprisonment. See United States v. Harris, No. 01-4756, slip. Op. At 2-3 (4th Cir. July 22, 2002).

On February 23, 2003, Petitioner filed the instant motion to vacate alleging various instances of ineffective assistance of counsel. On June 11, 2003, Petitioner filed a "Motion for Leave to Amend" seeking to add an additional claim to his motion to vacate. This Court granted Petitioner's Motion for Leave to Amend by Order dated June 30, 2003 (Document No. 9.) In Petitioner's second Motion to Vacate and its amendment, Petitioner alleges the following: (1) that he is entitled to a new sentencing hearing, based upon violation of the plea process; (2) that his conviction should be overturned due to ineffective assistance received during the plea process; (3) that his conviction should be overturned due to counsel's failure to investigate a defense in this case with regard to his prior state conviction; (4) that counsel was ineffective at sentencing, requiring a new sentencing hearing for failure to investigate defendant's pleas in state court and his status as a career offender; and (5) that his sentence of 292 months imprisonment is excessive and invalid because it is the result of the misapplication of the Sentencing Guidelines and the ineffective assistance of counsel.

**STANDARD OF REVIEW**

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, and that there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of

reasonable professional assistance.  Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 856 (1995).  Petitioner bears the burden of proving Strickland prejudice.  Fields 956 F.2d at 1297.  It petitioner fails to meet this burden, a "reviewing court need not consider the performance prong.  Id. at 1290.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different.  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999).  Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet.  See Hill v. Lockhart, 474 U.S. at 53057; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).  The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified.  Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F,2d at 475; accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297. 63, 74-75 (1977).

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary."  Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431

4

U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

**I. Ineffective Assistance of Counsel (Ms. Sneberger)**

Turning now to Petitioner's specific claims, the Court finds that the Petitioner has failed to demonstrate an entitlement to any relief.

Petitioner claims that his first attorney (Ms. Sneberger) was ineffective because she "gave him little assistance which led to the Petitioner making an involuntary, guilty plea." (Complaint at 5.) Petitioner also complains that his attorney failed to explain to him the elements of a career offender and argues that he was not trying to sell crack cocaine when arrested, but instead, was smoking it when arrested. Petitioner claims that his attorney failed to properly investigate the charges against him prior to counseling him to plead guilty. For the above stated reasons, Petitioner argues that his guilty plea was involuntary.

Given the nature of Petitioner's allegations, his involuntary guilty plea claim is governed by Strickland v. Washington. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (the two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel.) However, as stated above, the prejudice requirement under Strickland is harder to satisfy once a defendant enters a guilty plea. Id. at 53-59. "When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). Further in evaluating a post-guilty plea claim of ineffective assistance, statements made

5

previously under oath during the original plea hearing are binding on the Petitioner absent "clear and convincing evidence to the contrary." Fields, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)).

Here, the record simply does not support Petitioner's claim. During the August 21, 1996 hearing before the Honorable Carl Horn, United States Magistrate Judge, the following colloquy occurred:

> THE COURT: Mr. Harris, you are pleading also to a drug conspiracy count, but it's an entirely different, unrelated drug conspiracy. It alleges that from in or about July 1995 and continuing until the time of your indictment, May 8th, 1996, in Wilkes County, within the Western District of North Carolina and elsewhere, that you and others named in this court of the indictment knowingly, willfully and unlawfully conspired and agreed with one another and others known or unknown to the grand jury to possess with intent to distribute a quantity of cocaine, cocaine base and heroin.
> The named co-conspirators would be David -- Bruce David Bradsher, Lucious Wayne Daye, Nathan McKinley Revel, Marty Smith and Jimmy Darren Gray.
> And it's alleged that at least one overt act in furtherance of this conspiracy took place within the Western District of North Carolina . . .
> Now according to your plea agreement, you've likewise stipulated that the amount of drugs reasonably foreseeable by you in this conspiracy would subject you to a ten-year minimum sentence, a maximum sentence of life imprisonment and a maximum fine of up to $4 million.
> Do you understand, Mr. Harris, these are the charges against you and the penalties that you face on these charges if convicted?
> DEFENDANT HARRIS: Yes, Your Honor.
>
> THE COURT: I'll ask you individually if you are, in fact, guilty of the charges we've gone over. You've indicated you do understand that charge . And then, Mr. Harris, are you in fact –
> DEFENDANT HARRIS: Yes, Your Honor.
>
> THE COURT: – guilty of this charge?
>
> DEFENDANT HARRIS: Yes, Your Honor.

(Plea and Rule 11 Transcript at 8-9, 14.) Thus the Court sufficiently explained the elements of the conspiracy offense as well as the maximum penalty at the Plea and Rule 11 Hearing. Id. at 8-9. After

indicating that he understood the nature of the conspiracy charge, Petitioner expressly acknowledged guilt. Most importantly, however, Petitioner made the following statement regarding Ms. Sneberger's representation:

> THE COURT: And Mr. Harris, anything you'd like to say about the services of your attorney and are you satisfied with those services?
>
> DEFENDANT HARRIS: Yes, sir. I'm satisfied and would like to thank her too.

(Plea and Rule 11 Transcript at 28.) Because Petitioner failed to present clear and convincing evidence to the contrary, his sworn statements during the Plea and Rule 11 Hearing are binding on the Court.

Likewise, the Court rejects Petitioner's allegation that he was only smoking crack when arrested, leaving the implication that he was not in fact guilty of the conspiracy. Mr. Harris very clearly stated during the Plea and Rule 11 Hearing, after Judge Horn explained the elements and penalties of the offense, that he was in fact guilty. Further, at his sentencing hearing, this Court asked Petitioner if he was guilty of the charge in count one. Mr. Harris responded, "Yes. sir." (Sentencing Transcript at 2.) Mr. Harris' statements made previously under oath during the original plea hearing and at the sentencing hearing are binding on him absent "clear and convincing evidence to the contrary." Fields, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). Mr. Harris has provided no clear and convincing evidence to the contrary.

Next, the Court is unpersuaded by Petitioner's argument that his attorney failed to explain the elements of career offender. Mr. Harris signed a plea agreement which indicated that there was a possibility that he was a career offender and that would not be known until a presentence report could

be prepared. Specifically the Plea Agreement states: "Notwithstanding any recommendations in this Agreement as to the offense level, if the Probation Office determines from the defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender) or § 4B1.4 (Armed Career Criminal) or a statutory minimum sentence applies, then that provision will be used in determining the sentence." (Plea Agreement ¶ d, pg.2.) Further, at the Plea and Rule 11 Hearing, Judge Horn asked Ms. Sneberger if she had gone over all the terms of the Plea Agreement and if she was satisfied that Mr. Harris understood the terms of the Plea Agreement. Ms Sneberger stated that she had gone over the terms of the of the Plea Agreement with Mr. Harris and was satisfied that he understood the terms of the agreement.

Mr. Harris' statements at the Plea and Rule 11 Hearing taken together with the statements of his attorney convince this Court that Ms. Sneberger was not ineffective.

Finally, Petitioner argues that Ms. Sneberger was ineffective for forcing him to enter a plea without investigating the charges against him prior to entering the plea. Once again, Petitioner's own statements belie his argument:

> THE COURT: Has anyone threatened, intimidated or forced you to enter your guilty plea or your plea agreement?
> Defendant Harris: No, sir.
>
> THE COURT: Have each of you had enough time to discuss with your attorney any possible defenses you may have to these charges?
> MR. HARRIS: Yes, sir.

Plea and Rule 11 Hearing 27- 28.

Further, regarding the duty to investigate during the period leading up to Petitioner's plea of guilty, Petitioner has not suggested any facts or potential avenues of inquiry, the investigation of which by counsel might have changed the outlook concerning Petitioner's plea. Counsel has no duty

8

to conduct an investigation for its own sake in the absence of plausible indications that it might bear fruit. The Court finds that Ms. Sneberger was not ineffective for failing to investigate and finds no evidence to suggest that Petitioner's plea was not voluntarily entered into.

Petitioner must take responsibility for his decision to sign the plea agreement. It was his choice to accept or reject the plea. He made the decision to accept and his words at the Rule 11 hearing were clear and unequivocal. The Court is satisfied that the neither of Petitioner's counsel was ineffective and that despite Petitioner's current dissatisfaction with the terms of his plea agreement, he knowingly and voluntarily entered into the agreement.

**II. Ineffective Assistance of Counsel (Mr. Killian)**

Petitioner claims that his second attorney, Mr. Killian was ineffective during sentencing for failing to raise meritorious issues.

First, Petitioner contends that his prior North Carolina offense does not meet the definition of a controlled substance offense as defined in the United States Sentencing Guidelines § 4B1.2 since he was a "drug addict" and as such he was not trying to sell any cocaine crack when arrested in 1992, but instead was only trying to smoke crack cocaine.

Petitioner's argument is disingenuous because with respect to the instant offense Petitioner also claimed that he was not trying to sell crack cocaine but instead only smoking it. However, Petitioner was in fact charged and convicted of possession with intent to deliver cocaine. Therefore, there was no basis for his attorney to challenge this conviction and his counsel was not ineffective for failing to do so.

Next, Petitioner argues that Mr. Killian was ineffective at sentencing for failing to challenge application of U.S.S.G. § 4B1.1, which deals with career offenders. Again, Petitioner's claim is

9

without merit. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(2000). Because Petitioner satisfies the above-mentioned criteria, counsel's failure to contest Petitioner's classification as a "career offender" was not prejudicial as defined by Strickland. (See Presentence Report, ¶ 32 at 8.)

### III. Apprendi Argument

Petitioner argues that Apprendi v. New Jersey, 530 U.S. 466 (2000), applies to the instant case because his sentence of 292 months imprisonment is not founded upon the facts contained in the indictment and not found beyond a reasonable doubt. In light of the Fourth Circuit's holding that Apprendi does not apply retroactively on collateral review, Petitioner's claim is dismissed. See United States v. Sanders, 247 F.3d 139 (4th Cir. 2001).

### IV. Petitioner's Sentence Does Not Contravene the Guidelines

Petitioner claims that his "sentence contravenes the Guidelines because the Court employed two mutually exclusive sections of the Guidelines to arrive at the 292 month term of imprisonment. Specifically, the Court adopted the allegations of the probation department that used the offense level from § 2D1.1 (drug quantity) and the criminal history from § 4B1.1 (Career Offender)." Petitioner further argues that both his sentencing counsel and his appellate counsel were ineffective for failing to raise this issue.

Because the drug amount stipulated to by the parties produced a base offense level of 38, that level was utilized instead of the career offender offense level of 37. The use of the higher offense

level is required by U.S.S.G. §4B1.1. Moreover, § 4B1.1 specifically states that "a career offender's criminal history category **in every case** shall be Category VI." Thus, there was no misapplication of the guidelines in sentencing the Petitioner and neither counsel was ineffective for failing to raise the issue.

The record in this matter reflects that the Petitioner has failed to state a claim for relief in connection with his allegations of ineffective assistance of counsel and his sentencing claims. Accordingly, the Petitioner's Motion to Vacate must be <u>dismissed</u>.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) and Petitioner's Amended Motion to Vacate (Document No. 8) are **DISMISSED** and the Government's Motion for Summary Judgment (Document No. 10) is **GRANTED.**

**SO ORDERED.**

Signed: February 9, 2006

Richard L. Voorhees
Chief United States District Judge